UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary,<br><br>Plaintiff,<br><br>-against-<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),<br><br>Defendant. | Case No.  1:20-cv-05032-AKH-SDA<br><br>**STIPULATED PROTECTIVE ORDER** |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Wells Fargo Bank, National Association, as securities intermediary ("Wells Fargo") and Defendant John Hancock Life Insurance Company (U.S.A.) ("JHUSA" and together with Wells Fargo, the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

**IT IS HEREBY ORDERED** that any person subject to this Order—including without limitation the Parties to this action (including their respective corporate affiliates, parents, successors, and assigns), their partners, representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms, upon pain of contempt:

1.	With respect to "<u>Discovery Material</u>" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2.	The Party or person producing or disclosing Discovery Material ("<u>Producing Party</u>"), or a Party in the case of information being produced by a third party ("<u>Designating Party</u>"), may designate as Confidential such material that it reasonably and in good faith believes consists of:

    a.	Proprietary business or competitively or commercially sensitive information, including but limited to information that, with respect to JHUSA, its affiliates, parents, or their predecessors or successors, reveals their pricing practices and the underlying costs and components of their pricing practices, the calculations and thought process for the initial determination and subsequent readjustment of the cost of insurance rates for insurance policies they issue, the underlying methodology, data, assumptions (including but limited to lapse and mortality methodology, data and assumptions), and analysis for those initial determinations and subsequent readjustments;

    b.	previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    c.	previously non-disclosed material relating to ownership or control of any non-public company;

    d.	previously non-disclosed business plans, product-development information, or marketing plans;

    e.  any information of a personal or intimate nature regarding any individual;

    f.  any other information the disclosure of which would be detrimental to the conduct of the Party's business; or

    g.  any other category of information this Court subsequently affords confidential status.

  3.  Extracts and summaries of Confidential Discovery Material shall also be treated as confidential in accordance with the provisions of this Stipulation and Order.

  4.  With respect to Discovery Material other than deposition transcripts and exhibits, the Producing Party or their counsel may designate such Discovery Material as "Confidential" by stamping or otherwise clearly marking the document as "Confidential" in a manner that will not interfere with legibility or audibility. For Discovery Material produced by a third party other than deposition transcripts and exhibits, the Designating Party or their counsel may designate such Discovery Material as "Confidential" by notifying the Producing Party regarding what Discovery Material is Confidential. Upon such designation by the Designating Party, all persons subject to this Order will treat such Discovery Material as Confidential.

  5.  A Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their

possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

6.	If at any time before the trial of this action a Party realizes that it should have designated as "Confidential" Discovery Material that it or a third party previously produced without limitation, the Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such Discovery Material as Confidential.

7.	Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8.	Where a Producing Party or Designating Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

   a.	the Parties, their insurers, and counsel to their insurers;

   b.	counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to these matters;

   c.	outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel for the Parties hire and assign to this matter;

   d.	any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  e. as to any document, its author, its addressee, and any other person (such as a copy recipient) indicated on the face of the document as having received a copy;

  f. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, and their counsel, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  g. any person a Party retains to serve as an expert witness or otherwise to provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  h. stenographers or videographers engaged to transcribe or record depositions the Parties conduct in this action, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  i. this Court, including any appellate court, its support personnel, and court reporters;

  j. where the Producing Party is JHUSA or John Hancock Life Insurance Company of New York, the plaintiffs and their counsel in any of the Related Actions, *provided that* (a) disclosure to a party in a Related Action shall be made pursuant to the protective order governing the Related Action as if JHUSA was the Producing Party, and (b) the "Related Actions" are (1) *Leonard et al., v. John Hancock Life Insurance Company of New York et al.,* No. 18-cv-4994-AKH (S.D.N.Y.); (2) *Davydov v. John Hancock Life Insurance Company of New York and John Hancock Life Insurance Company (U.S.A.),* 18-CV-09825-AKH (S.D.N.Y.); (3) *LSH CO et al. v. John Hancock*

5

*Life Insurance Company (U.S.A.) and John Hancock Life Insurance Company of New York*, 19-cv-01009-AKH (S.D.N.Y.); (4) *EFG Bank AG, Cayman Branch et al. v. John Hancock Life Insurance Company (U.S.A.)*, 20-cv-04258-AKH (S.D.N.Y.); (5) *VICOF II Trust et al. v. John Hancock Life Insurance Co. of New York*, No. 19-cv-11093-AKH (S.D.N.Y.); (6) *VICOF II Trust et al. v. John Hancock Life Insurance Company (U.S.A.)*, No. 20-cv-04256-AKH (S.D.N.Y.); (7) *Twin Lakes Settlements, LLC and Lakewood Holdings Inc. v. John Hancock Life Insurance Company of New York and John Hancock Life Insurance Company (U.S.A.)*, Index No. 655429/2018 (N.Y. Sup.); and (8) *Lipschitz v. John Hancock Company of New York*, Index No. 655579/2019 (N.Y. Sup.); and

k. any person agreed to by the Parties.

9. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(d), 8(f), 8(g) or 8(h) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. For the avoidance of doubt, nothing in Paragraphs 8 or 9 shall impose any limitation on the ability of a Producing Party to disclose its own Confidential Discovery Material. A Producing Party shall not be required to obtain an executed Non-Disclosure Agreement from its own current or former employees with respect to disclosure of its own Confidential Discovery Material.

10. Any Producing or Designating Party seeking to have materials filed under seal shall comply with Rule 4(B) of the Court's Individual Rules. For the avoidance of doubt, these procedures are outlined below:

    a. Any party seeking leave to file Confidential Discovery Material shall meet and confer with the other party in advance to narrow the scope of the request to file under seal.

    b. Any party seeking to have Confidential Discovery Material filed with the Court shall file a motion for leave to file under seal in compliance with Rule 4(B)(ii) of the Court's Individual Rules. The motion for leave to file under seal must be filed in public view, must explain the particular reasons for seeking to file information under seal, and should not include Confidential Discovery Material sought to be filed under seal. Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal.

    c. Any party filing a motion or any other papers with the Court containing Confidential Discovery Materials under seal shall, at the same time as filing the proposed sealed document(s), also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts the Confidential Discovery Material itself and references to the Confidential Discovery Material or the substance of the Confidential Discovery Material.

    d. When a filing party seeks leave to file under seal on the grounds that another party has requested it, the filing party shall notify the non-filing party that the non-filing party must file, within three days, a letter explaining the need to seal or redact

the materials and whether the non-filing party intends to make a motion for continued sealing, as described in Paragraph 11 below. If the non-filing party does not intend to make a motion for continued sealing, the party that made the motion for leave to file under seal shall withdraw the motion and file the materials publicly.

11. Within twenty one (21) days after the filing of Confidential Discovery Material under seal, any party may file a motion with the Court seeking the continued sealing of the information, or certain parts of the information, originally filed under seal. Notwithstanding the preceding sentence, in the event that Confidential Discovery Material is filed under seal in connection with a memorandum of law in support of a motion or a memorandum of law in opposition to a motion, the time period to file a motion seeking continued sealing of the information, or certain parts of the information, originally filed under seal shall be extended to twenty one (21) days after the date that any reply brief in further support of the original motion is due. The party filing the motion for continued sealing bears the burden of demonstrating that the standards for sealing have been met.

12. The information shall remain sealed pending ruling by the Court on any timely-filed motion.

13. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(E) of the Court's Individual Rules.

14. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon

counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(E) of the Court's Individual Rules.

15. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action, including its right to disclose or use such documents or information for any purpose.

16. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Inadvertent production of any Discovery Material that a Party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine

(an "Inadvertently Produced Privileged Document") will not be deemed to waive the privilege or work product protection, subject to the following provisions.

   a. A Party or non-party may request the return of any document that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production. If a Party or non-party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the receiving parties shall, within ten (10) business days, destroy or return to the requesting party or nonparty the Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material any information derived solely from the Inadvertently Produced Privileged Document, provided, however, that the receiving party may retain one copy of such Inadvertently Produced Privileged Document for the sole purpose of challenging the assertion of privilege by the requesting party, in which case (1) the receiving party shall notify the requesting party in writing of its intention to retain a copy for such purpose within ten (10) business days of the receipt of the notice demanding the return of such Inadvertently Produced Privileged Document, and (2) any party may thereafter seek a ruling from the Court with respect to the issue of whether the Inadvertently Produced Privileged Document is indeed privileged, whether by way of motion to compel, motion for protective order, or otherwise. All such motions shall be submitted *in camera.* Absent an order from the Court, no Inadvertently Produced Privileged Document shall be used for any purpose other than for challenging an assertion of privilege in accordance with the terms of this Paragraph.

    b.  No party may assert as a ground for challenging privilege the mere fact of the inadvertent production.

  19.  Within 60 days of the final disposition of this action — including all appeals — all recipients of Confidential Discovery Material must either return it — including all copies thereof — to the Producing Party, or, upon permission of the Producing Party, destroy such material — including all copies thereof (including those maintained in electronic locations). In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action shall retain an archival copy of all motion and trial papers, including affidavits, and may retain an archival copy of all pleadings, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

  20.  This Order shall not prevent a party from arguing that certain documents are so sensitive that they should not be produced even under the Order or from seeking further protection for certain documents.

  21.  This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

  22.  This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED**.

Dated:  September 21, 2020

| | |
|---|---|
| By:  */s/ John F. LaSalle III*<br>Alan B. Vickery<br>**BOIES SCHILLER FLEXNER LLP**<br>333 Main Street<br>Armonk, NY 10504<br>Tel.:   (914) 749-8200<br>Fax:   (914) 749-8300<br><br>John F. LaSalle III<br>**BOIES SCHILLER FLEXNER LLP**<br>55 Hudson Yards<br>New York, NY  10001<br>Tel.:   (212) 484-3900<br>Fax:   (212) 446-2350<br><br>Attorneys for Defendant<br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.) | By:  */s/ Franjo M. Dolenac*<br>Julius A. Rousseau, III<br>Michael S. Cryan<br>Franjo M. Dolenac, *Admitted Pro Hac Vice*<br>**ARENT FOX LLP**<br>1301 Avenue of the Americas, 42nd Floor<br>New York, NY  10019-6040<br>Tel.:   (212) 484-3900<br>Fax:   (212) 484-3990<br><br>Attorneys for Plaintiff<br>WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary |

Dated:  September  23 , 2020

New York, New York

**SO ORDERED.**

/s/ Alvin K. Hellerstein

Alvin K. Hellerstein
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary,<br><br>Plaintiff,<br><br>-against-<br><br>JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.),<br><br>Defendant. | Case No.  1:20-cv-05032-AKH-SDA<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to the punishment for contempt of Court.

_____
Dated: